IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LESTER HERRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4268-CV-C-NKL |
| | ) |
| WILLIAM LENHART, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

ORDER

Pending before the Court are Motions to Dismiss by Defendants Stallings [Doc # 4], Stratton [Doc # 6], Tyes and Wilson [Doc # 11], Carroll [Doc # 18], and Lenhart [Doc # 20]. For the reasons set forth below, the Motions to Dismiss on behalf of Defendants Stallings [Doc # 4], Stratton [Doc # 6], and Carroll [Doc # 18], will be granted. The Motions to Dismiss on behalf of Defendants Tyes and Wilson [Doc # 11] and Lenhart [Doc # 20] with be granted in part and denied in part. Additionally, on Plainitff's concession, the Complaint against Defendants Carrington and Unknown Deputy Sheriff will be dismissed.

I.     Background

In considering a Motion to Dismiss, the Court must accept all factual allegations in the Complaint as true and construe them in a light most favorable to the Plaintiff. *Gordon*

1

*v. Hansen*, 168 F. 3d 1109, 1113 (8th Cir. 1999). Accordingly, the Court accepts as fact the following allegations as laid out in Plaintiff's Complaint.

On July 24, 1998, after receiving information from an informant, Defendants Tyes and Lenhart searched a cornfield on the farm of Tommy H. Buck, Sr., and Tommy Neil Buck, Jr., in Harrison County, Missouri, for marijuana but did not locate any. Subsequent searches, however, uncovered hundreds of marijuana plants on the Buck farm hidden between the rows of corn.

Tyes then contacted the Kentucky State Police who indicated that Tommy H. Buck, Sr., and Tommy Neil Buck, Jr., had a history of cultivating marijuana, and that Tommy Buck, Jr., was under indictment for cultivating marijuana. Kentucky State Police also told Tyes that Plaintiff was a relative and associate of Tommy Buck, Sr., and that Plaintiff had two previous convictions for cultivating marijuana in the State of Kentucky. Based on these facts, his past experience as a law enforcement officer, and his involvement in previous investigations, Tyes concluded that marijuana and the implements of marijuana production would be found at Plaintiff's farm.

On August 31, 1998, Defendants Lenhart and Tyes drafted separate affidavits for application of a search warrant for both the Buck farm and the Plaintiff's farm. The affidavit seeking a warrant to search the Plaintiff's farm was identical to an affidavit seeking a warrant for the Buck farm, except for the description of the two properties appearing at the beginning of the respective affidavits. The Buck affidavit was apparently, and logically, drafted first.

When it came time to draft the affidavit for Plaintiff's farm, the affiant's conclusion about the likely location of marijuana and/or other evidence of marijuana production on the Buck farm were unchanged. The Herron affidavit did not even include a complete reference to the Plaintiff's property.

Later on August 31, 1998, Defendant Stallings, Prosecuting Attorney for Harrison County, Missouri, reviewed and submitted Tyes and Lenhart's affidavits with an application for search warrants for Plaintiff's residence and for the Buck farm to Missouri Circuit Court Judge Richard L. Parker. Both warrants were issued.

On September 1, 1998, at or about 4:30 a.m., Plaintiff and his fiancé were awakened when law enforcement officers broke down the rear kitchen door of Plaintiff's residence and entered Plaintiff's home. Plaintiff and his fiancé were ordered to get out of their bed and to lay face-down on the floor. Plaintiff was then ordered to stand up and face a wall within his bedroom. They were detained within the bedroom for approximately a thirty (30) minute period of time as the Defendants and other officers searched the residence. As a result of evidence seized during the search, Plaintiff was indicted in federal court on three counts of drug related activities on December 15, 1998.

On February 5, 1999, the Plaintiff moved to suppress evidence obtained during the September 2, 1998, search of his residence. On the report and recommendation from the Magistrate Judge, the District Court denied Plaintiff's Motion to Suppress. Subsequently, the Plaintiff accepted a conditional plea agreement allowing appeal of his suppression motion and was sentenced to 30 months on Counts I, II, and III of the indictment.

On October 12, 1999, Plaintiff surrendered to the Bureau of Prisons in Manchester, Kentucky, to serve his sentence of 30 months. On June 6, 2000, the Eighth Circuit ruled that the search and seizure of September 2, 1998, was illegal. Plaintiff was to be returned to court and permitted to withdraw his plea of guilty. Plaintiff remained incarcerated in the Bureau of Prisons until September 17, 2000, at which time pursuant to a federal writ the Plaintiff was transferred to the Correctional Corporation of America, in Leavenworth, Kansas, and stayed there until his plea was withdrawn on October 6, 2000.

Plaintiff filed this action under 42 U.S.C. § 1983 on August 23, 2005.

## II. Discussion

### A. Defendants Stallings, Stratton, Wilson, Carroll, Carrington, and Unknown Deputy Sheriff

In Plaintiff's Suggestions in Concession [Docs. # 23 & # 25], he concedes that the Motions to Dismiss filed by Defendants Stallings, Stratton, Wilson, and Carroll should be granted. He further concedes that his claims against Defendants Carrington and Unknown Deputy Sheriff should be dismissed as well. In view of Plaintiff's concessions, the Court will dismiss all claims against these Defendants. Remaining for the Court to consider are Defendants Tyes and Lenhart's Motions to Dismiss.

### B. Defendant Tyes's Motion to Dismiss

Defendant Tyes asserts that Plaintiff's claims against him are time-barred. Count I, Plaintiff's section 1983 claim for unlawful search and seizure, is subject to a five year statute of limitations in Missouri. *Sulik v. Taney County, Missouri*, 393 F.3d 765, 767 (8th Cir. 2005). The search and seizure at issue occurred on September 1, 1998. The

4

present action was commenced on August 23, 2005, nearly seven years later. Thus, Count I is time-barred and the Court will grant Defendant Tyes's Motion to Dismiss with regard to Count I.

It is not clear from the Complaint whether Count II, False Arrest and/or Imprisonment, is brought under section 1983 or whether it is a pendent state claim. If it is a pendent state tort claim, it is subject to Missouri's two year statute of limitations for false imprisonment. Mo. Rev. Stat. § 516.140. However, if the claim arises under section 1983 as a deprivation of Plaintiff's liberty interests secured by the Fourteenth Amendment, it is subject to Missouri's five-year statute of limitations for personal injury under *Sulik, supra.* To the extent that the claim is for false arrest, either statute of limitations would bar relief in this case as Plaintiff was arrested nearly seven years before he filed suit. However, to the extent that this claim is for false imprisonment, his cause of action did not accrue until his discharge from imprisonment. *Stafford v. Muster*, 582 S.W.2d 670, 680 (Mo. 1979). Plaintiff was not discharged from prison until October 6, 2000. Therefore, his false imprisonment claim, if cognizable under section 1983, was raised within the applicable five year statute of limitation.

Observing that section 1983 vindicates violations of constitutional rights rather than tort law duties of care, the U.S. Supreme Court has opined that torts by state actors normally "must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). "[F]alse imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id.*

5

However, "the Baker decision has not been read to preclude all § 1983 claims based on false imprisonment." *Davis v. Hall*, 375 F.3d 703, 718 (8th Cir. 2004). Although the burden on the Plaintiff to prove a section 1983 claim based on false imprisonment is quite high, Tyes's Motion to Dismiss challenges only the timeliness of Plaintiff's Complaint and not his ability to prove his case. Since a claim for false imprisonment is cognizable under section 1983, and since Plaintiff filed his claim within five years of his release from prison, Count II is not barred by the statute of limitations. Accordingly, Defendant Tyes's Motion to Dismiss Count II is granted as to false arrest and false imprisonment under Missouri tort law but denied as to his section 1983 claim for false imprisonment.

Count III, Malicious Prosecution, is not a federal civil rights claim. *Moran v. Clark*, 359 F.3d 1058, 1061 (8th Cir. 2004). As a pendent state law claim, malicious prosecution is subject to a two-year statute of limitations in Missouri. Mo. Rev. Stat. § 516.140. Under Missouri law, the cause of action accrues on the date that charges are dismissed. *Linn v. Moffitt*, 73 S.W.3d 629, 633 (Mo. Ct. App. E.D. 2002). Since the charges against Plaintiff were dropped on October 6, 2000, and the instant case was filed on August 23, 2005, Count III is barred by the statute of limitations. Tyes's Motion to Dismiss will be granted as to Count III.

### C. Defendant Lenhart's Motion to Dismiss

Defendant Lenhart moves the Court to dismiss all counts against him on the same statute of limitations grounds asserted by Tyes. For the foregoing reasons, the Court will grant his Motion as to all claims except Count II's section 1983 claim for false

imprisonment. Lenhart also moves for dismissal under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

The Court issued summons for all Defendants on August 23, 2005. Plaintiff filed his complaint with the Court three days later. On September 13, 2005, the Court ordered Plaintiff to serve all Defendants within forty days; i.e., by October 24, 2005. To date, Plaintiff has not filed a notice of service for any Defendants with the Court, though he informs the Court that he mailed a copy of the Complaint to the Defendants within the forty days allowed. Defendant Lenhart acknowledges that Plaintiff mailed a copy of the summons and complaint to the Missouri Department of Conservation, Lenhart's employer, in Jefferson City, Missouri. However, Lenhart works in Northwest Missouri and, though he was also served personally by the Harrison County Sheriff's office with a copy of the complaint, he was not served with a copy of the summons. In resisting Lenhart's Motion to Dismiss, Plaintiff assured the Court on October 31, 2005, that he would be filing a notice of service upon the Defendants "in the next few days." As of the date of this Order, he has failed to do so.

FED. R. CIV. P. 4(c)(1) provides that "[a] summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed . . . and shall furnish the person effecting service with the necessary copies of the summons and complaint." Fed. R. Civ. P. 4(e) further provides that proper service may be effected (1) under the laws of the state in which the district court is located, or (2) by service in person, or by leaving copies of the summons

and complaint at the defendant's residence with someone of suitable age who resides there, or with an agent registered to accept service. There is no provision in either the Federal or Missouri Rules of Civil Procedure for service by mail to the defendant's employer, and the only personal service upon Defendant Lenhart did not provide him with the summons. Therefore, Defendant Lenhart has not been properly served. The Court will give Plaintiff ten days from the date of this order serve Defendant Lenhart. If he fails to file valid proof of service with the Court within ten days, his remaining claim against Defendant Lenhart will be dismissed for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5).

### III.    Conclusion

Accordingly, it is hereby

(1)    ORDERED that Defendant Stallings's Motion to Dismiss [Doc # 4] is GRANTED;

(2)    ORDERED that Defendant Stratton's Motion to Dismiss [Doc # 6] is GRANTED;

(3)    ORDERED that Defendant Carroll's Motion to Dismiss [Doc # 18] is GRANTED;

(4)    ORDERED that Defendants Tyes and Wilson's Motion to Dismiss [Doc # 11] is GRANTED in part and DENIED in part. The Motion is granted as to all counts against Defendant Wilson, and it is granted as to Defendant Tyes with regard to Plaintiff's section 1983 claims for Illegal Search and Seizure and False Arrest and with

regard to his pendant state law claims for Malicious Prosecution, False Arrest, and False Imprisonment. It is denied as to Defendant Tyes with regard to Plaintiff's § 1983 claim for False Imprisonment;

(5) ORDERED that all counts alleged against Defendants Carrington and Unknown Deputy Sheriff are DISMISSED; and

(6) ORDERED that Defendants Lenhart's Motion to Dismiss [Doc # 20] is GRANTED in part and DENIED in part. The Motion is granted with regard to Plaintiff's section 1983 claims for Illegal Search and Seizure and False Arrest and with regard to his pendant state law claims for Malicious Prosecution, False Arrest, and False Imprisonment. It is denied as to Plaintiff's § 1983 claim for False Imprisonment, provided that if Plaintiff does not file valid proof of service upon Defendant Lenhart within ten days from the date of this order, his remaining § 1983 claim against Lenhart will be dismissed for failure to prosecute.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 23, 2005
Jefferson City, Missouri